**L. W. LITTLEJOHN, Relator,**

v.

**Sam B. CARROLL, Jr., County Judge, et al., Respondents.**

**No. 7239.**

Court of Civil Appeals of Texas.

Waco.

Feb. 9, 1961.

W. Rachel Littlejohn, Beeville, for relator.

Warren J. Collins, Dallas, for respondents.

WILSON, Justice.

Relator moves for leave to file petition for writ of mandamus to be directed to the County Judge and the Clerk of the County Court of Freestone County. The petition attached to the motion alleges that a decision and award was made December 27, 1960 by commissioners in condemnation proceedings (in which relator was defendant) without giving him notice of the hearing; that he was not present at the hearing; that he received a copy of the award on January 9, 1961 when the ten day period for filing objections to the award had expired; that judgment was rendered on the award and decision on January 13, 1961, which recited service of notice.

Exhibits attached to the petition recite that on January 17th relator delivered to

the clerk a motion for judgment which asked the County Judge to render judgment in the cause "either approving or disapproving" any decision of the commissioners in accordance with findings and any hearing had. Such a judgment had then been entered. On January 17, 1961 there was also mailed to and received by the clerk a "Motion for Dismissal", reciting lack of service and other defects in the proceeding, moving dismissal of the cause and rendition of a judgment that petitioner therein take nothing. There was also sent to the clerk a "Motion to correct and reform judgment" and the decision of commissioners so as to make them reflect lack of notice to or participation by relator; a further motion to dismiss on the ground the cause had not been docketed or filed properly; together with an "original answer" asserting lack of jurisdiction, procedural defects, and other defenses, including objection to the decision of commissioners. It is alleged the Clerk has acknowledged receipt of these documents but refuses to file them, and that the County Judge refuses to act on them. The petition seeks order requiring filing and action on the motions delivered to the Clerk.

The petition further alleges relator has perfected writ of error in the cause, has filed petition for writ of error, and deposited with the County Clerk cash in lieu of bond.

 The motion for leave to file the petition for mandamus was received and filed by the clerk of this court on February 6, 1961. It appears, therefore, the term at which the judgment of January 13, 1961 was rendered had then ended, and that judgment was final. Art. 5, Sec. 29, Constitution of Texas, Vernon's Ann.St. Jurisdiction of the Court of Civil Appeals attached when the statutory requirements for perfecting writ of error were complied with, and the power of the County Court or its judge to perform the acts which the petition asks us to require had terminated. Panhandle Construction Co. v. Lindsey, 123 Tex. 613, 72 S.W.2d 1068, 1071, 1072,

and see Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148; Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063. See also Pearson v. State, 159 Tex. 66, 315 S.W.2d 935.

Mandamus does not lie where relator has another plain, effective and adequate remedy to obtain the relief sought. Mandamus is "the last resort." Manion v. Lockhart, 131 Tex. 175, 114 S.W.2d 216, 219; 28 Tex.Jur., Sec. 8, pps. 525–530. No reason is made apparent in the petition why a direct proceeding in the nature of a bill of review is not available to relator to afford full relief. See 25 Tex.Jur., Sec. 185, p. 585. In the circumstances, the writ will not lie as to the County Judge. As to the clerk, the relief and duty sought to be obtained and required appears to have been accomplished and performed. Holman v. Chevaillier's Adm'r, 14 Tex. 337; 33 Tex. Jur., Sec. 101, p. 534, 8 Supp. Sec. 119.

Leave to file the petition is denied.