Gilleland v. Dubuisson 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-162-CV





ELLIS H. GILLELAND,



 APPELLANT


vs.





LARRY M. DUBUISSON, ET AL., (1)



 APPELLEES





 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 92-08290, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 





PER CURIAM


 This appeal arises from a sanction order that, among other things, struck the
pleadings of appellant Ellis Gilleland. Tex. R. Civ. P. 13, 215. Gilleland, a pro se litigant,
raises sixty-eight points of error on appeal, many of which he briefs in an offensive tone. This
Court would ordinarily strike such a brief, but to avoid further delay, we will attempt to look to
the substance of the arguments Gilleland makes. We will affirm the court's order assessing
sanctions, but hold that two orders the trial court signed after it lost jurisdiction are void.



BACKGROUND


 Gilleland filed the underlying lawsuit against appellees Larry M. Dubuisson; Olivia
R. Eudaly; Alton F. Hopkins, Jr.; Mike Levi; Robert D. Lewis; Mary E. Mainster; Guy A.
Sheppard; Fred K. Soifer; and Clark S. Willingham, in their individual and official capacities. 
Appellees, whom we will refer to collectively as Dubuisson, were members of the Texas State
Board of Veterinary Medical Examiners. Gilleland alleged that Dubuisson violated the Veterinary
Licensing Act by dismissing complaints to the Board by less than a quorum and by failing to
provide accurate consumer-complaint information. The Veterinary Licensing Act, 67th Leg.,
R.S., ch. 761, § 1, 1981 Tex. Gen. Laws 2816, 2817 (Tex. Rev. Civ. Stat. Ann. art. 8890, §
5(g), since amended); 70th Leg., R.S., ch. 1122, § 19, 1987 Tex. Gen. Laws 3850, 3850-51
(Tex. Rev. Civ. Stat. Ann. art. 8890, § 18A, since amended).

 Disputes arose almost immediately after Gilleland filed suit and continued
throughout Dubuisson's effort to obtain discovery from Gilleland. After an unsuccessful attempt
to depose Gilleland, Dubuisson requested sanctions against Gilleland for filing frivolous and
groundless motions and for abusing the discovery process. Tex. R. Civ. P. 13, 215. Following
a hearing, the trial court rendered judgment striking Gilleland's pleadings, dismissing his cause
with prejudice, assessing attorney's fees of $10,354.90, and sanctioning him $150.00 for conduct
during the sanction hearing. The court suspended payment of the $150.00 contingent on
Gilleland's performing the remainder of the order.



ABUSE OF DISCRETION IN IMPOSING SANCTIONS


 In points of error five and six, Gilleland contends that in striking his pleadings the
trial court abused its discretion in two respects: the sanction imposed is not just and it violates
his right to due process. See GTE Communications Sys. Corp. v. Tanner, 856 S.W.2d 725, 731
(Tex. 1993); TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991). 
The trial court's discretion in assessing sanctions under Rules 13 and 215 is circumscribed by the
requirements that the sanction be just and that it not offend due process. Tanner, 856 S.W.2d at
731; TransAmerican, 811 S.W.2d at 917. To be just, a sanction must (1) relate directly to the
offensive conduct and (2) be proportionate to the conduct. TransAmerican, 811 S.W.2d at 917;
Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992). While the due process concerns
under Rules 13 and 215 are not identical, a sanction under either rule that adjudicates the merits
of a party's claim satisfies due process only if the sanctioned party's conduct justifies a
presumption that his claim lacks merit. Tanner, 856 S.W.2d at 731; TransAmerican, 811 S.W.2d
at 917-18.

 To determine whether the trial court exercised its discretion within these limits in
imposing sanctions for abuse of discovery, we independently review the entire record. United
States Fidelity & Guar. Co. v. Rossa, 830 S.W.2d 668, 672 (Tex. App.--Waco 1992, writ denied). 
We presume that the trial court considered the full record of the case, up to and including the
hearing on the sanction motion. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986); see Eason v. Eason, 860 S.W.2d 187, 189
(Tex. App.--Houston [14th Dist.] 1993, no writ). The full record includes the evidence, arguments
of counsel, and all orders and documents before the trial court. Jefa Co. v. Mustang Tractor &
Equip. Co., 868 S.W.2d 905, 910 (Tex. App.--Houston [1st Dist.] 1994, writ denied). On appeal,
Gilleland must present a record that demonstrates an abuse of discretion. Tex. R. App. P. 50(d),
53(k); Eason, 860 S.W.2d at 190.

 Gilleland has not brought forward a complete record on appeal. Although he has
presented the transcription of the sanction hearing, along with his six exhibits that were admitted
in evidence, Gilleland has failed to see that any of Dubuisson's six exhibits admitted in evidence
were also brought forward. In addition, Gilleland has presented no transcription from a hearing
held before the sanction hearing on his motion to disqualify one of Dubuisson's attorneys. We
presume that the omitted portions of the record support the challenged ruling. Christiansen v.
Prezelski, 782 S.W.2d 842, 843 (Tex. 1990); Thomas v. Walker, 860 S.W.2d 579, 581 (Tex.
App.--Waco 1993, orig. proceeding); University of Tex. v. Hinton, 822 S.W.2d 197, 202 (Tex.
App.--Austin 1991, no writ). In the absence of a complete record, therefore, Gilleland cannot
establish on appeal that the trial court abused its discretion in assessing sanctions under Rule 215. 
Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); Eason, 860 S.W.2d at 190.

 The record before us does, however, show the following sequence of events. After
Gilleland filed suit, Dubuisson served him with a notice of intent to take oral deposition and a
subpoena duces tecum. Gilleland moved to quash both documents, alleging that the action had
not yet commenced and that the documents showed an intent to harass him and threaten his
physical safety. Gilleland charged in his motions that one of Dubuisson's attorneys intended to
lure him into her office for the deposition, from which premises he could be arrested and jailed. 
Gilleland labelled this attorney as "paranoid, a savage man-hater," with "an obvious vendetta"
against him, and on this basis requested a neutral location at which he could be deposed. 
Gilleland further stated that the same attorney had corrupted the official court reporter in another
of his lawsuits and had caused the statement of facts to be redacted. Alleging that the attorney
could easily pressure the court reporter in this cause into producing a corrupt recording, Gilleland
sought a deposition on written questions and objected to any recording being made by the official
court reporter for the Texas State Board of Veterinary Medical Examiners.

 After the trial court denied Gilleland's motions to quash, he moved for a discovery
protective order, which incorporated his previous motions and alleged grounds that were identical
to the grounds of his previous motions. Gilleland claimed that the trial court's ruling on his
earlier motions did not address his claims for protection from corrupt deposition taking, corrupt
deposition recording, and a location at which he would be harassed and physically threatened. 
In denying Gilleland's motion for protective order, the trial court found the motion to be
unmeritorious and frivolous.

 Between the time Gilleland filed his motion for discovery protective order and the
time the court heard it, Dubuisson attempted to depose Gilleland. Gilleland did not produce the
items mentioned in the subpoena duces tecum at the deposition and maintains that he was not
obliged to produce them because no attorney at the deposition requested them from him. At the
outset of the deposition, Gilleland refused to discuss stipulations or to allow Dubuisson's attorneys
to make appearances, statements for the record, or objections; instead, he interrupted and
repeatedly talked over them in a belligerent tone, demanding the next question. Gilleland
threatened to seek sanctions against the attorneys for trying to object, and he asserted that, because
it was his deposition, only he was allowed to make statements. Despite the trial court's denying
his request for a deposition on written questions, Gilleland insisted on writing out each question
and reading his written answer. Gilleland again accused one of Dubuisson's attorneys of being
a liar and a perjurer who had threatened his physical safety and "corrupted" an official statement
of facts, presumably, as he had alleged previously, by causing it to be fraudulently redacted.

 When Dubuisson's attorneys informed him that the deposition would continue at
the county courthouse, Gilleland spoke simultaneously in an effort to obscure their words. 
Gilleland further refused to take a phone call from the district judge's office, through whom the
attorneys had arranged to continue the deposition under a district judge's supervision. Although
the attorneys clearly announced their intent to reconvene the deposition at the district judge's
office, Gilleland chose to consider the deposition terminated by the attorneys. Gilleland spoke
in a threatening and abusive tone during the deposition and, at one point, caused one attorney to
fear for her physical safety.

 After the unsuccessful deposition, Gilleland objected to the transcription of the
deposition and filed an "Affidavit of Fraudulent Deposition Record." Gilleland charged that the
pages of the transcription which recorded the appearances and statements of Dubuisson's
attorneys, after they reconvened the deposition at the district judge's office, made the transcription
fraudulent.

 At the hearing on Dubuisson's sanction motion, Gilleland asserted that, as he had
predicted, the taking of the deposition was corrupted, the transcription was corrupted, and the
location of the deposition proved to be physically threatening. During the course of the hearing,
the trial court repeatedly warned Gilleland against interrupting, arguing, harassing other parties,
and making comments that demeaned the court. The court assessed three fifty-dollar fines against
Gilleland for arguing, engaging in accusatory conduct, and making an inappropriate outburst. 
After the last fine, the court summoned a deputy sheriff to the courtroom.

 We find no abuse of discretion in striking Gilleland's pleadings for abusing the
discovery process. Because Gilleland has not shown that the trial court erred under Rule 215, we
overrule points five and six.


OTHER COMPLAINTS REQUIRING REFERENCE TO THE EVIDENCE


 Gilleland asserts in the following points of error that no evidence supports either
the findings of the trial court or the judgment: four, eleven, twelve, fifteen, seventeen through
twenty, twenty-two, twenty-nine, thirty-one, thirty-five, thirty-eight through forty-two, forty-four,
and fifty-five. Gilleland also brings the following points of error that either allege an abuse of
discretion, in effect raise evidentiary challenges, or require an evaluation of the evidence from the
sanction hearing to resolve: eight, fourteen, sixteen, thirty-two, thirty-four, thirty-six, thirty-seven, forty-three, forty-five, forty-nine through fifty-three, fifty-six, fifty-seven, sixty, and parts
of points nine and fifty-four. Gilleland contends in point twenty-six that Dubuisson never alleged
at the sanction hearing that Gilleland's motions were frivolous and groundless.

 As previously discussed, Gilleland has provided an incomplete statement of facts
from the sanction hearing. Tex. R. Civ. P. 50(d), 53(k). With only a partial statement of facts
before us, we must presume that the evidence supports the trial court's findings and its judgment. 
Prezelski, 782 S.W.2d at 843; Murray v. Devco, Ltd., 731 S.W.2d 555, 557 (Tex. 1987);
Englander Co. v. Kennedy, 428 S.W.2d 806, 806 (Tex. 1968). Concerning point twenty-six,
even if Dubuisson did not allege at the sanction hearing that Gilleland's motions to quash were
frivolous, we presume that the trial court considered the entire history of the case when it assessed
sanctions. Downer, 701 S.W.2d at 241; Rossa, 830 S.W.2d at 672. We therefore overrule the
points enumerated above, including that part of points nine and fifty-four requiring an evaluation
of the evidence.



RIGHT TO JURY TRIAL ON SANCTIONS


 In points of error two, twenty-one, and forty-eight, Gilleland argues that, by
hearing and determining Dubuisson's sanction motion without a jury, the trial court denied his
due-process right to a jury trial. Gilleland relies in his brief on article one, sections fifteen and
nineteen of the Texas Constitution; the fourteenth amendment to the United States Constitution;
and Société Internationale v. Rogers, 357 U.S. 197, 209-10 (1958). We do not find in the record,
nor has Gilleland shown us, any contention he made to the trial court that the non-jury hearing
violated the right to jury trial specifically granted under article one, section fifteen of the Texas
Constitution, or under Société Internationale. Gilleland has therefore waived these contentions on
appeal. Tex. R. App. P. 52(a).

 Having waived his direct claim to a jury trial under the Texas Constitution,
Gilleland is forced to argue that his right to a jury trial resides in the notion of federal or state due
process. The requirements of federal and state due process include notice calculated to afford a
party a fair opportunity to appear and defend his interests and a reasonable opportunity to be heard
on the merits of his case, with the right to introduce evidence and obtain a judicial finding based
on that evidence. Fuentes v. Shevin, 407 U.S. 67 (1972); Cunningham v. Parkdale Bank, 660
S.W.2d 810, 813-14 (Tex. 1983); MJR Fin., Inc. v. Marshall, 840 S.W.2d 5, 10 (Tex.
App.--Dallas 1992, no writ).

 Gilleland cites no authority, and we find none, that the right to due course of law
under the Texas Constitution encompasses the right to a jury trial at a sanction hearing. The
Texas Rules of Civil Procedure clearly give the trial court authority to assess sanctions for filing
groundless pleadings and for abusing discovery. Tex. R. Civ. P. 13, 215. Trial without a jury
in pursuance of the law and practice of the state is not incompatible with due process of law
guaranteed by the fourteenth amendment of the United States Constitution. Wooten v. Dallas
Hunting & Fishing Club, Inc., 427 S.W.2d 344, 346 (Tex. Civ. App.--Dallas 1968, no writ). On
the ground that due process does not mandate a jury trial at a sanction hearing, we reject
Gilleland's claim in point twenty-one that Dubuisson presented no evidence that Gilleland was not
entitled to a jury trial. Because neither the federal nor state guarantee of due process mandates
a jury trial in this case, we also overrule points two and forty-eight.



ACTIONS TAKEN BEYOND THE TRIAL COURT'S JURISDICTION


 In points of error forty-six and forty-seven, Gilleland complains of post-judgment
orders that the trial court signed on March 4 and March 5, 1993. In the order signed March 4,
the trial court struck as a Rule-13 sanction Gilleland's "Objection to Decision on Plaintiff's
Motions To Quash" and "Motion To Suppress Fraudulent Deposition Transcript Prepared by
C.S.R. Linda Cameron" and ordered Gilleland to pay $500.00 in attorney's fees. In the order
signed March 5, the court overruled Gilleland's objection to the March 4 order, struck all other
motions that Gilleland had filed, and enjoined Gilleland from filing any further motions in the
case. As to the March 4 order, the transcript contains only the last page of an order that is signed
on March 4 and bears no file-mark. Gilleland relies on a signed, but not file-marked, copy of the
order attached to his objection to the order. Although we do not believe that Gilleland has
presented a sufficient record showing error in the March 4 order, in the absence of any complaint
from Dubuisson we will refer to the copy attached to Gilleland's objection.

 We consider on our own motion the trial court's jurisdiction to sign the two orders. 
After the trial court signed the judgment on January 14, 1993, Gilleland filed a motion objecting
to it. Because the trial court did not rule on this motion, the court retained plenary power over
its judgment for 105 days or until April 29, 1993. Tex. R. Civ. P. 329b(e), (g). Gilleland,
however, perfected his appeal to this Court on January 19, 1993. (2) Once the appeal was perfected,
this Court acquired exclusive jurisdiction over the appeal subject only to the trial court's power,
until April 29, to modify its judgment or grant a new trial. Tex. R. Civ. P. 329b(e); Robertson
v. Ranger Ins. Co., 689 S.W.2d 209, 210 (Tex. 1985); Crawford v. Kelly Field Nat'l Bank, 724
S.W.2d 899, 900 (Tex. App.--San Antonio 1987, no writ); Stein v. Frank, 575 S.W.2d 399, 400
(Tex. Civ. App.--Dallas 1978, no writ).

 The motions that led to the court's orders, including Gilleland's "Objection to
Decision on Plaintiff's Motions To Quash" and "Motion To Suppress Fraudulent Deposition
Transcript Prepared by C.S.R. Linda Cameron," and Dubuisson's responsive motions to strike
and to impose sanctions, are ancillary to the trial court's judgment. Although the purpose of the
orders signed March 4 and 5 was to stop Gilleland from filing the numerous post-judgment
motions he continued to file, the trial court's power to modify its judgment did not extend to
rendering orders on these ancillary matters. First State Bank & Trust Co. v. Vector Corp., 427
S.W.2d 958, 960 (Tex. Civ. App.--Waco 1968, writ ref'd n.r.e.); Littlejohn v. Carroll, 342
S.W.2d 622, 623 (Tex. Civ. App.--Waco 1961, no writ). Cf. Arndt v. Farris, 633 S.W.2d 497,
499 (Tex. 1982) (discussing trial court's continuing jurisdiction to enforce its judgment). Once
Gilleland perfected his appeal, the trial court lost the authority even to file Gilleland's ancillary
motions. Littlejohn, 342 S.W.2d at 623. We therefore do not address the merits of points forty-six and forty-seven. We hold that the trial court lacked jurisdiction to sign the March 4 and 5
orders, including the order that Gilleland pay $500.00 in attorney's fees, and that the orders are
consequently void.

 In points of error fifty-eight, fifty-nine, and sixty-three, Gilleland complains of
various actions the trial court took at hearings on February 16 and March 4, 1993. Each act
complained of occurred at hearings the trial court held after it had lost jurisdiction of the case. 
For the reasons discussed above, we do not address the merits of points fifty-eight, fifty-nine, and
sixty-three. (3) We hold on our own motion that the actions Gilleland complains of at the hearings
on February 16 and March 4 were taken beyond the court's jurisdiction and were void.



FINDINGS OF FACT AND CONCLUSIONS OF LAW


 In point of error seven, Gilleland argues that the trial court erred in not filing
findings of fact and conclusions of law after hearings held January 8, February 16, and March 4,
1993. On January 8, the trial court heard the sanction motion that led to the judgment; on
February 16, the court heard Dubuisson's "Motion To Strike and for Rule 13 Sanctions"; and on
March 4, the court heard Gilleland's "Exception to Decision of Judge Meurer and Motion for
Rehearing and Submission of Evidence."

 We first consider the absence of findings related to the January 8 sanction hearing. 
The trial court struck Gilleland's pleadings and assessed attorney's fees based on Rules 13 and 215
of the Texas Rules of Civil Procedure. After the trial court signed the sanction order, Gilleland
requested findings of fact and filed a notice of past due findings within the time required by Rules
296 and 297. Tex. R. Civ. P. 296, 297. Rule 13 requires the particulars of good cause for
imposing sanctions to be stated in the sanction order. This requirement is mandatory and replaces
the traditional findings of fact and conclusions of law that normally are filed after a nonjury trial
on the merits. GTE Communications Sys. Corp. v. Curry, 819 S.W.2d 652, 654 (Tex. App.--San
Antonio 1991, orig. proceeding).

 The trial court here recited in the sanction order its findings of good cause to strike
Gilleland's pleadings and assess attorney's fees. Because these fact findings are meant to replace
traditional findings of fact, the trial court had no duty to file separate findings pursuant to Rule
296. See generally Cooks v. City of Gladewater, 808 S.W.2d 710, 714 (Tex. App.--Tyler 1991,
no writ) (rules 296 through 299 do not apply to venue hearings; rules specifically applicable to
venue hearings govern). To the extent that the sanction order is based on Rule 13, therefore, the
court did not err in refusing to file separate findings of fact and conclusions of law.

 To the extent that the sanction order is based on Rule 215, we likewise determine
that the court did not err in refusing to file findings. Although the supreme court has stated that
findings may help in reviewing sanctions, it has expressly declined to require trial courts to make
written findings when discovery sanctions are imposed. Chrysler Corp., 841 S.W.2d at 852;
TransAmerican, 811 S.W.2d at 919 n.9. We therefore find no error in the trial court's refusal
to file findings after it granted Dubuisson's sanction motion.

 The hearings held February 16 and March 4 occurred after the trial court had lost
jurisdiction of the cause. Because any action the trial court took at these hearings is void, its
failure to file findings of fact is moot. We overrule point seven.



MISCELLANEOUS POINTS OF ERROR


 In his first point of error, Gilleland complains that the trial court refused to let him
present evidence during a hearing on January 4, 1993. Assuming that we can review this claim
in light of the incomplete statement of facts, Gilleland failed to object during the hearing to the
exclusion of evidence, obtain a ruling from the trial court, and make an offer of proof. Tex. R.
App. P. 52; Tex. R. Civ. Evid. 103. Because Gilleland has waived this claim for review, we
overrule point one.

 In points of error ten, thirteen, and the remainder of points nine and fifty-four,
Gilleland contends that the trial court erred in awarding Dubuisson attorney's fees as a sanction. 
Gilleland argues in points nine, ten, and fifty-four that he had no notice that the trial court would
hear Dubuisson's request for attorney's fees at the sanction hearing. Gilleland argues in point
thirteen that in the absence of any plea that attorney's fees be paid to the office of the Attorney
General, the court erred in ordering them so paid. Gilleland has failed to see that the transcript
contains Dubuisson's motion for sanctions. His first exhibit to the statement of facts from the
sanction hearing, however, is a copy of the motion, without a file-mark. Dubuisson offered no
objection to admitting this exhibit, on the assumption that it was an accurate copy of the motion. 
Although Gilleland has technically failed to present a sufficient record for review, we will refer
to the copy of the motion admitted in evidence. See Petitt v. Laware, 715 S.W.2d 688, 690 (Tex.
App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.).

 In the sanction motion, Dubuisson expressly requests attorney's fees incurred in
preparing for and attending the aborted deposition, preparing for and attending hearings on
Gilleland's motions to quash and motion for protective order, and preparing the sanction motion. 
The motion also notifies all parties that a hearing was set for January 8, 1993. The attached
certificate of service recites that Dubuisson served Gilleland with the motion on December 31,
1992. The motion therefore shows that Dubuisson notified Gilleland that he would seek attorney's
fees as a sanction and that a setting had been obtained. It also shows that Gilleland received the
required three-day notice of the setting. Tex. R. Civ. P. 21; see Tex. R. Civ. P. 215(1)(b).

 Although Gilleland filed motions alleging that he had insufficient time to prepare
a defense to Dubuisson's sanction motion, he requested the trial court to strike the sanction motion
and to strike the non-jury setting in favor of a jury setting rather than to continue the hearing. 
Because Gilleland did not request a continuance, we determine that the court correctly refused to
strike the motion and to strike the non-jury setting in order to give Gilleland more time to prepare. 


 The sanction motion does not request that attorney's fees be payable to the Office
of the Attorney General. The court appears to have ordered that only those fees incurred by the
assistant attorney general, one of the attorneys representing Dubuisson, be payable to the Office
of the Attorney General. Ordering this method of payment without advance notice, if error, could
not have harmed Gilleland. We therefore overrule points ten, thirteen, and that part of points nine
and fifty-four dealing with lack of notice.

 In point of error three, Gilleland argues that the trial court erroneously denied his
motions to quash the taking of oral deposition and subpoena duces tecum. Gilleland asserts that
at the hearing on his motions, the trial court did not consider his requests for a neutral location,
a neutral court reporter, and a deposition on written questions. Even if Gilleland were correct in
this assertion, the orders recite that the trial court fully considered each motion. We presume that
the trial court read and considered each motion before rendering a decision on it. We overrule
point three.

 Gilleland claims in his twenty-third point of error that the trial court abused its
discretion because he did not file a motion to quash the notice of intent to take oral deposition and
subpoena duces tecum. Gilleland apparently objects to the court's considering his document a
"motion." The title of Gilleland's requests to quash reads, "Affidavit--Motion To Quash
Subpoena Duces Tecum and Motion To Quash Taking of Oral Deposition." Because Gilleland
requested the court to take action on his behalf in this document, the trial court did not err in
referring to it as a motion. We overrule point twenty-three.

 In points of error twenty-four, twenty-five, twenty-seven, twenty-eight, and thirty,
Gilleland alleges that the trial court committed legal error in making two of the findings recited
in the judgment. We do not find in the record, nor has Gilleland shown us, any place that
Gilleland presented his contentions to the trial court. Because Gilleland cannot raise these points
for the first time on appeal, we overrule points twenty-four, twenty-five, twenty-seven, twenty-eight, and thirty. Tex. R. App. P. 52(a); Aero Energy, Inc. v. Circle C Drilling Co., 699 S.W.2d
821, 822 (Tex. 1985); City of Austin v. Daniels, 335 S.W.2d 753, 758-59 (Tex. 1960).

 In point of error thirty-three, Gilleland claims that the trial court erred in finding
that at the deposition Gilleland wrongfully refused to allow Dubuisson's attorneys to make
appearances, state objections, or ask questions without interruptions and instructions from
Gilleland. Gilleland argues that the deposition was held pursuant to Dubuisson's subpoena duces
tecum, which stated that Texas Rules of Civil Procedure 200 and 201 would govern the
deposition. Gilleland points out that neither of these rules authorizes appearances, objections, or
questions.

 We first note that the only copy of the subpoena duces tecum in the transcript is
one without a file-mark and apparently attached to Gilleland's motion to quash the subpoena. 
Assuming that this copy is sufficient to present error, the attachment to the subpoena merely states
that Gilleland is "notified, pursuant to Rules 200 and 201" that Dubuisson intends to take his
deposition. The subpoena does not limit the deposition to the operation of Rules 200 and 201. 
Rule of civil procedure 204 expressly allows attorneys to make objections during a deposition. 
And allowing attorneys to state appearances for the record and to ask questions of the deponent
without interruption, although no rule expressly permits it, is part of maintaining an orderly
deposition. Because the trial court did not err in making the challenged finding, we overrule point
thirty-three.

 In points sixty-one and sixty-two, Gilleland complains of a statement the trial court
made and of an exhibit introduced at a hearing held January 22, 1993. On that date, the court
heard Gilleland's "Motion To Reduce Supersedeas Bond." (4) Gilleland alleges that the statement
and exhibit evidence a prior conspiracy between the court and state attorneys. Having reviewed
the statement and exhibit, we reject as without merit any claim that either shows a conspiracy. 
We overrule points sixty-one and sixty-two.

 In points of error sixty-four through sixty-eight, Gilleland contends that the judge
who rendered the sanction order erred in failing to disqualify herself even though her impartiality
could reasonably be questioned. Gilleland first complained that the trial judge was biased against
him after the trial court signed the judgment, in a motion objecting to the judgment and requesting
a new trial. Texas Rule of Civil Procedure 18a sets out the procedural requirements for recusal,
which include filing a verified motion to recuse at least ten days before the date set for the
hearing. Assuming that Gilleland can justify the untimeliness of his complaint, he never asked
in his motion that the judge be recused. Gilleland has therefore waived any error concerning the
court's impartiality. Tex. R. App. P. 52(a). We overrule points sixty-four through sixty-eight.



CONCLUSION


 We determine that the orders the trial court signed on March 4 and 5, 1993, are
void because the trial court no longer had jurisdiction to sign them. We also determine that any
action the trial court took at hearings on February 16 and March 4, 1993, is void as beyond the
court's jurisdiction. Having considered each of Gilleland's remaining allegations of error, we
affirm the trial court's sanction order striking Gilleland's pleadings, ordering Gilleland to pay
attorney's fees of $10,354.90, and conditionally assessing him $150.00.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 18, 1995

Do Not Publish

1.   The remaining appellees are Olivia R. Eudaly; Alton F. Hopkins, Jr.; Mike Levi;
Robert D. Lewis; Mary E. Mainster; Guy A. Sheppard; Fred K. Soifer; and Clark S.
Willingham.
2.   On January 19, Gilleland filed a "Notice of Appeal." Although Gilleland, a private
litigant, is not authorized to perfect appeal by notice of appeal, his notice constituted a bona
fide attempt to invoke this Court's jurisdiction. Linwood v. NCNB Texas, 885 S.W.2d 102,
103 (Tex. 1994). Gilleland corrected the error by depositing cash in lieu of bond on February
1, 1993. 
3.   We note, however, that in signing its judgment on January 14, 1993, the trial court
implicitly disposed of all pending pre-judgment motions. Miller Brewing Co. v. Villarreal, 822
S.W.2d 177, 180 (Tex. App.--San Antonio 1991), rev'd on other grounds, 829 S.W.2d 770 (Tex.
1992). And again, once Gilleland perfected his appeal to this Court, the trial court lost the
authority to file ancillary motions. Littlejohn, 342 S.W.2d at 623. 
4.   Although this hearing occurred after Gilleland had perfected his appeal, the trial court
has continuing jurisdiction during the pendency of an appeal to order the amount and type
of security for suspending the enforcement of a judgment. Tex. R. App. P. 47(k).