**Damon H. DOWNS, Relator,**

v.

**The Honorable Alice O. TREVATHAN, Judge of the 151st District Court of Harris County, Texas, Respondent.**

**No. 01–89–01087–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 21, 1989.

Rehearing Denied Feb. 1, 1990.

Damon H. Downs, pro se.

Scott Vincent Baio, Studio City, Cal., pro se.

Before EVANS, C.J., and COHEN and HUGHES, JJ.

OPINION

PER CURIAM.

Relator, Damon H. Downs, appears pro se and asks us to compel the respondent to reinstate an action she dismissed for want of prosecution, and to cause the issuance of citation in that action. We overrule his request.

Downs alleges that he filed an affidavit of inability to pay costs when he filed suit against Scott Vincent Baio in 1986. The district clerk contested the affidavit. Downs alleges that he "was found not to be a pauper without necessity of a hear-

ing." On September 2, 1988, the suit was dismissed for want of prosecution.

Downs's petition for writ of mandamus raises four principal complaints. First, he argues that the respondent erred in finding that he was not a pauper without a hearing. He does not allege that he ever requested a hearing on the district clerk's contest. He fails to submit mandamus proof, in the form of a certified or sworn copy of an order, that the respondent ever found he was not indigent. *See* Tex.R. App.P. 121(a)(4) (petition for writ of mandamus to be accompanied by certified or sworn copies of relevant exhibits). The record before us does not negate the possibility that Downs never sought a hearing on the contest and that his suit was dismissed without any ruling on the contest.

■ Under the version of rule 145 in effect at the time Downs filed his affidavit of inability, even an indigent penitentiary inmate was required to exercise due diligence by requesting a hearing on a contest to his affidavit. *Johnson v. McLean,* 630 S.W.2d 790, 793 (Tex.App.—Houston [1st Dist.] 1982, no writ). Downs has not shown he asked for a hearing. Consequently, he has not shown that the respondent abused her discretion by denying him a hearing.

■ Downs also argues that the respondent should have issued citation after rule 145 was amended. As of January 1, 1988, Tex.R.Civ.P. 145 was amended so that the district clerk could no longer contest pauper's affidavits. Indigents are now allowed to have citation issued based solely on an affidavit of indigency filed with the suit. Tex.R.Civ.P. 145 comment (1988). The amendment to rule 145 became effective January 1, 1988, and was not retroactive. *Cf.* Tex.Gov't Code Ann. § 311.022 (Vernon 1988) (Texas statutes are presumed prospective unless expressly made retrospective).

Downs's suit was filed at least one year before the effective date of the new rule. He does not allege he ever filed an affidavit after the new rule 145 became effective on January 1, 1988. Mandamus will only issue to compel the trial court to perform a clear legal duty. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). The respondent had no such duty under the rule in effect at the time Downs's affidavit of inability was filed.

■ Downs next contends that the district clerk improperly refused to process his notice of appeal because it was unaccompanied by a filing fee. Downs does not allege he ever filed an affidavit of inability to pay the costs of an appeal. In the absence of such an affidavit, the clerk had no duty to process a notice of appeal. Tex. R.App.P. 40(a)(3).

■ Finally, Downs complains that the district clerk failed to notify him of the dismissal for want of prosecution for almost one year, long after his time to appeal had expired. He asks that we remedy the lack of notice by ordering Judge Trevathan to place his case back on her docket, or by granting him an out-of-time appeal. We have no jurisdiction to accept a notice of appeal filed more than 15 days after it is due. Tex.R.App.P. 41(a)(2).

■ Neither can we compel Judge Trevathan to place the case back on her docket. As a general rule, mandamus will issue to direct a trial court to rescind an order only when the relator has no other adequate remedy. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d at 917. Relator has not shown that other remedies are inadequate. *Littlejohn v. Carroll,* 342 S.W.2d 622, 623 (Tex.Civ.App.—Waco 1961, orig. proceeding).

The motion for leave to file a petition for writ of mandamus is OVERRULED.