**Opinion issued April 18, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00261-CV

————————————

## IN RE THOMAS FLORENCE, Relator

Original Proceeding on Petition for Writ of Mandamus

## MEMORANDUM OPINION

Relator, Thomas Florence, has filed a petition for writ of mandamus, challenging the trial court's January 16, 2013 order dismissing his case for want of prosecution.[1]

---

[1] The underlying case is *In the Matter of the Marriage of: Thomas Wayne Florence and Wanette Marie Florence*, No. 12-Fd-2877, in the County Court at Law No. 3 of Galveston County, Texas, the Honorable Christopher Dupoy presiding.

**Standard of Review**

Mandamus is an extraordinary remedy, which is available only when (1) a trial court clearly abuses its discretion and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).

In his sole issue, relator complains that the trial court abused its discretion in dismissing his case for want of prosecution. Generally, mandamus will issue to direct a trial court to rescind an order only when a relator has no other adequate remedy. *Downs v. Trevathan*, 783 S.W.2d 689, 690 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding) (denying motion for leave to file petition for writ of mandamus). It is the relator's burden to show that he has no adequate remedy available at law. *See In re Prudential*, 148 S.W.3d at 135–36. Relator has not shown that he has no adequate remedy on appeal. *See Downs*, 783 S.W.2d at 690.

**Conclusion**

We deny the petition.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.