ACCEPTED
03-16-00114-CV
12970964
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/29/2016 11:20:49 AM
JEFFREY D. KYLE
CLERK

No. 03-16-00114-CV

## Third District Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/29/2016 11:20:49 AM
JEFFREY D. KYLE
Clerk

JERRY HOFROCK,
*Appellant,*

v.

NATIONSTAR MORTGAGE LLC; FEDERAL NATIONAL
MORTGAGE ASSOCIATION (FANNIE MAE); AND
JONATHAN KANTOR,
*Appellees.*

From the 353rd Judicial District Court, Travis County, Texas
Trial Court No. D-1-GN-15-000128

## APPELLEES' BRIEF

B. David L. Foster – TBN #24031555
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 – Facsimile

Thomas G. Yoxall – TBN #00785304
Daron L. Janis – TBN #24060015
Matthew H. Davis – TBN #24069480
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 – Facsimile
*Counsel for Appellees Nationstar
Mortgage LLC and Federal National
Mortgage Association (Fannie Mae)*

Leslie S. Johnson – TBN #24060565
WINSTEAD PC
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400
(214) 745-5390 – Facsimile
*Counsel for Appellee Jonathan Kantor*

# IDENTITY OF PARTIES AND COUNSEL

**Party**                                          **Counsel**

Jerry Hofrock                                      Jerry Hofrock
*Appellant*                                        13276 Research Blvd., Suite 204
                                                   Austin, Texas 78750
                                                   (512) 266-2822
                                                   *Pro Se*

Nationstar Mortgage LLC                            B. David L. Foster
Federal National Mortgage Association               Texas Bar No. 24031555
*Appellees*                                        LOCKE LORD LLP
                                                   600 Congress Avenue, Suite 2200
                                                   Austin, Texas 78701
                                                   (512) 305-4700
                                                   (512) 305-4800 – Facsimile
                                                   *Trial and Appellate Counsel*

                                                   Thomas G. Yoxall
                                                    Texas Bar No. 00785304
                                                   Matthew H. Davis
                                                    Texas Bar No. 24069480
                                                   LOCKE LORD LLP
                                                   2200 Ross Avenue, Suite 2800
                                                   Dallas, Texas 75201
                                                   (214) 740-8000
                                                   (214) 740-8800 – Facsimile
                                                   *Trial and Appellate Counsel*

                                                   Daron L. Janis
                                                    Texas Bar No. 24060015
                                                   LOCKE LORD LLP
                                                   2200 Ross Avenue, Suite 2800
                                                   Dallas, Texas 75201
                                                   (214) 740-8000
                                                   (214) 740-8800 – Facsimile
                                                   *Appellate Counsel*

Jonathan Kantor
*Appellee*

Leslie S. Johnson
 Texas Bar No. 24060565
WINSTEAD PC
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400
(214) 745-5390 – Facsimile
*Trial and Appellate Counsel*

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...............................................................2

TABLE OF CONTENTS...........................................................................................4

INDEX OF AUTHORITIES......................................................................................5

STATEMENT OF THE CASE...................................................................................6

STATEMENT REGARDING ORAL ARGUMENT ...............................................6

ISSUES PRESENTED...............................................................................................7

STATEMENT OF FACTS .........................................................................................7

    A.    THE RULE 736 PROCEEDING..........................................................7

    B.    FORECLOSURE AND EVICTION OF APPELLANT ......................................8

    C.    OTHER PROCEEDINGS INVOLVING APPELLANT AND APPELLEES ............9

SUMMARY OF THE ARGUMENT ......................................................................11

ARGUMENT ...........................................................................................................11

    A.    APPELLANT APPEARED IN THE RULE 736 PROCEEDING, THEREBY DISPENSING WITH THE NECESSITY OF SERVICE..................................11

    B.    APPELLANT WAS PROPERLY SERVED IN ACCORDANCE WITH THE APPLICABLE RULE FOR SERVICE IN A RULE 736 PROCEEDING .............13

    C.    APPELLANT'S CLAIMS ARE BARRED BY RES JUDICATA .......................15

PRAYER ..................................................................................................................18

CERTIFICATE OF COMPLIANCE.......................................................................19

CERTIFICATE OF SERVICE ................................................................................20

APPENDIX TO APPELLEES' BRIEF....................................................................21

4

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Amstadt v. U.S. Brass Corp.*,
919 S.W.2d 644 (Tex. 1996) ...............................................................16

*Barr v. Resolution Trust Corp.*,
837 S.W.2d 627 (Tex. 1992) ...............................................................15

*Citizens Ins. Co. of Am. v. Daccach*,
217 S.W.3d 430 (Tex. 2007) ...............................................................16

*Downs v. Trevathan*,
783 S.W.2d 689 (Tex. App.—Houston [1st Dist.] 1989, orig.
proceeding) .........................................................................................14

**CONSTITUTION AND STATUTES**

TEX. GOV'T CODE § 311.022 ...................................................................14

**OTHER AUTHORITIES**

TEX. R. CIV. P. 121 ...............................................................................12

TEX. R. CIV. P. 736(2) (Apr. 2000) ..................................................13, 14

TEX. R. CIV. P. 736(2)(B) (Apr. 2000) ...................................................15

TEX. R. CIV. P. 736(2)(C) (Apr. 2000) ...................................................15

TEX. R. CIV. P. 736(8)(A) (Apr. 2000) ...................................................15

TEX. R. CIV. P. 736.8(c) .......................................................................15

## STATEMENT OF THE CASE

Appellant, Jerry Hofrock, filed a petition for bill of review against Appellees—Nationstar Mortgage LLC ("Nationstar"), Federal National Mortgage Association ("Fannie Mae")—in the 353rd Judicial District Court, Travis County, Texas. Clerk's Record ("CR"):4-17. Appellant subsequently amended his petition to join Appellee Jonathan Kantor as an additional defendant. CR:24-37. Appellees moved for summary judgment and sanctions against Appellant. CR:42-684. The district court granted both motions. CR:760-61. After filing a motion for new trial, this appeal followed. CR:777.[1]

## STATEMENT REGARDING ORAL ARGUMENT

Appellant has not requested oral argument and Appellees do not believe oral argument would significantly aid the court. However, if the court grants oral argument, Appellees respectfully request the opportunity to participate.

---

[1] Appellant's Statement of the Case states: "This is an appeal of a summary judgment rendered from the 353rd Judicial District [C]ourt in favor of Nationstar Mortgage LLC, Fannie Mae and Jonathan Kantor on December 9, 2015[,] which was timely appealed." Appellant's Brief at 1. Thus, Appellant appears to be appealing only the summary judgment; he does not appear to be appealing the Order Granting Motion for Sanctions and Request for Pre-Filing Injunction.

# ISSUES PRESENTED

Appellant lists three issues in his brief, but they are really just three different ways of stating the same issue:

1.     Did the court in Cause No. D-1-GN-11-001674 have jurisdiction to enter an order allowing foreclosure under Texas Rule of Civil Procedure 736?

If the first issue is answered affirmatively by the court, then that is dispositive of this appeal.  If, however, the court answers the first issue in the negative, Appellees present one additional issue as follows:

2.     Are Appellant's claims barred by res judicata?

# STATEMENT OF FACTS

Appellant's statement of facts does not contain any citations to the record and leaves out many relevant and undisputed facts.  Thus, Appellees provide their own statement of facts as follows:

## A.     THE RULE 736 PROCEEDING

On October 23, 2007. Appellant obtained a home-equity loan secured by a lien on his homestead located at 4013 Double Dome Road, Austin, Texas 78734 ("Property").  CR:63-80.  The lien was assigned to Nationstar on April 30, 2011. CR:91-92.  Appellant defaulted on the loan and, following the default, Nationstar filed an application under Texas Rule of Civil Procedure 736 seeking an order allowing foreclosure of its lien ("Rule 736 Application").  CR:95; *see also*

7

Appellant's Brief at 2 (admitting that Appellant defaulted on the loan prior to the filing of the Rule 736 Application).

Nationstar filed its Rule 736 Application on June 6, 2011. CR:95. On June 30, 2011, Nationstar mailed a notice and copy of the Rule 736 Application to Appellant by certified and regular mail, and filed a copy of the notice with the clerk of the court. CR:97-99. The notice was in substantially the same form as the form provided for such notices by Rule 736, including a certificate of service certifying compliance with the service requirements of Rule 736. *Compare* CR:97-99 *with* Example 1: Form of Notice, Tab 2 in the Appendix hereto.

On August 8, 2011, Appellant acknowledged receipt of the notice when he mailed and tried to fax to Nationstar's attorney a letter responding to the notice. CR:105-08. On August 22, 2011, Nationstar filed a Motion for Default Judgment because Appellant had not yet filed a response to the 736 Application. CR:101. On August 24, 2011, after receiving notice of the Motion for Default Judgment, Appellant filed a response to the 736 Application. CR:95, 105. On August 30, 2016, the district court entered an order granting the 736 Application. CR:110-11.

## B. FORECLOSURE AND EVICTION OF APPELLANT

Pursuant to the Rule 736 order, Nationstar proceeded to sell the Property to Fannie Mae at a foreclosure sale on March 6, 2012. CR:82-86. After evicting

Appellant, Fannie Mae sold the Property to Kantor on January 29, 2015. CR:88-89. Kantor currently resides at and is in possession of the Property. CR:47.

## C.   OTHER PROCEEDINGS INVOLVING APPELLANT AND APPELLEES

As Appellant acknowledges, "[t]here have been many cases filed and finalized in the intervening years" since Nationstar's 736 Application was granted. Appellant's Brief at 2. For example, Fannie Mae filed a forcible detainer action and obtained a judgment for possession from the Justice of the Peace Court, Precinct 2 Place 1, Travis County, Texas. CR:114-15. After Appellant appealed, Fannie Mae obtained another judgment for possession from the County Court at Law, Travis County, Texas. CR:117-18.

Despite the orders granting Fannie Mae possession of the Property, Appellant continued to challenge Fannie Mae's right to the Property by filing a plea to the jurisdiction in both the Rule 736 proceeding and the appeal of the forcible detainer action in county court. CR:121-24 (Rule 736 proceeding), 126-30 (forcible detainer action). Appellant did not file either plea to the jurisdiction until November 5, 2012, approximately eight months after the foreclosure sale occurred and more than a year after the Rule 736 order was issued. In any event, Fannie Mae eventually prevailed on the pleas to the jurisdiction and a writ of possession was finally issued by the Travis County Clerk on October 29, 2013. CR:132-33.

9

But Appellant did not stop there. On November 20, 2013, he filed a separate lawsuit against Fannie Mae in the 345th Judicial District Court, Travis County, Texas. CR:145-221. Fannie Mae removed the case to the United States District Court for the Western District of Texas. CR:136-243. On March 18, 2014, the magistrate judge issued a report and recommendation that the case be dismissed with prejudice. CR:245-59. The district judge agreed and, on May 9, 2014, entered a final judgment dismissing Appellant's claims with prejudice. CR:266. Appellant appealed the judgment to the United States Court of Appeals for the Fifth Circuit, which eventually dismissed the appeal for want of prosecution on July 10, 2014. CR:268.

That still did not stop Appellant. On June 20, 2014—while the appeal was still pending before the Fifth Circuit—Appellant filed yet another lawsuit styled as a petition for bill of review, this time against Fannie Mae and Nationstar in the 419th Judicial District Court, Travis County, Texas. CR:272-324. Appellant then filed an agreed motion to dismiss on November 4, 2014, which was granted the following day. CR:326-29. Despite the agreed dismissal, Appellant then filed an amended petition for bill of review on February 24, 2015. CR:331-45. A few weeks later, on March 16, 2015, Appellant initiated this suit by filing a substantively identical petition for bill of review as a separate suit. CR:347-60.

According to Appellant, the ultimate premise in all of the cases discussed above has been his contention that he was not properly served in the Rule 736 proceeding. *See* Appellant's Brief at 3. Each one of the lawsuits has been resolved in favor of Appellees. *See* CR:45-47, 114-15, 117-18, 132-33, 266, 268, 328-29.

## SUMMARY OF THE ARGUMENT

Appellant's sole contention on appeal is that the district court in the Rule 736 proceeding did not have jurisdiction to enter an order allowing Nationstar to foreclose because he was not properly served. However, the undisputed evidence shows that Appellant appeared in the Rule 736, so whether he was properly served is irrelevant. In any event, the undisputed evidence clearly shows that Appellant was properly served in accordance with the applicable rule for service in a Rule 736 proceeding. In addition, Appellant's appeal fails under the doctrine of *res judicata* arising from the prior lawsuits discussed above.

## ARGUMENT

### A. APPELLANT APPEARED IN THE RULE 736 PROCEEDING, THEREBY DISPENSING WITH THE NECESSITY OF SERVICE

Appellant's opening sentence in his argument is correct: "The question in this appeal is simple." Appellant's Brief at 3. But Appellant asks the wrong question. According to Appellant, the only question in this appeal is whether he was "legally served with notice of a pending application for foreclosure pursuant to Texas Rules of Civil Procedure 736[.]" *Id.* The answer to that question, as will be

discussed below, is clearly "yes"; but the court need not reach that question because Appellant's appeal fails for an even more fundamental reason: he made an appearance in the district court and thereby rendered service upon him irrelevant.

"An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance of service of citation upon him." TEX. R. CIV. P. 121. The record is clear that, after Nationstar filed a Motion for Default Judgment, CR:101-03, Appellant filed a response, CR:105-08. In so doing, Appellant "dispense[d] with the necessity for the issuance of service of citation upon him." TEX. R. CIV. P. 121.

Appellant's only response to this fact is a question he poses: "If Appellant answered and appeared, why was the Motion for Default Judgment filed?" Appellant's Brief at 6.[2] The answer is simple: the Motion for Default Judgment was filed because, at that point in the proceedings, Appellant had not yet filed a response or otherwise made an appearance. Appellant filed his response *after* the Motion for Default Judgment. *Compare* CR:101 (Motion for Default Judgment filed August 22, 2011) *with* CR:105 (Appellant's response filed August 25, 2011).

_____

[2] Appellant misrepresents the record when he asserts that "Defendants' evidence from that procedure where it is claimed that Hofrock had notice and appeared, is a Motion for Default, **(CR p. 101-103),** filed on August 22, 2011 with corresponding Order to Proceed. **(CR p. 110-111),** filed on August 30, 2011." Appellant's Brief at 6. The evidence Appellees cited in their motion for summary judgment was neither the Motion for Default Judgment nor the Order to Proceed With Foreclosure Sale; it was Appellant's response that he filed on August 25, 2011. *See* CR:51 (referring to and citing "Ex. 3D" which was Appellant's response filed on August 25, 2011, *see* CR:104-08).

12

Thus, Nationstar's filing of the Motion for Default Judgment does not raise any doubt as to the fact that Appellant answered and appeared in the Rule 736 proceeding.

Because Appellant's arguments on appeal are predicated solely on his contention that he was not properly served in the Rule 736 proceeding, and because Appellant's answer in that proceeding dispensed with any requirement of service upon him, the district court's judgment was proper and should be affirmed.

**B.     APPELLANT WAS PROPERLY SERVED IN ACCORDANCE WITH THE APPLICABLE RULE FOR SERVICE IN A RULE 736 PROCEEDING**

Appellant "concede[s] that his petition was dead on arrival" if Appellees can show that they produced evidence of proper service upon him. Appellant's Brief at 8. Because the record clearly shows that Appellees produced such evidence, Appellant's case indeed "was dead on arrival." *Id.*

Appellant argues that he was not served in compliance with Texas Rule of Civil Procedure 99. *See* Appellant's Brief at 4-5, 8. However, Rule 99 does not govern service in a proceeding under Rule 736 because Rule 736 provides its own requirements for service on the respondent.

In 2011, when Nationstar filed its Rule 736 Application, the applicable rule for service in such proceedings was Rule 736(2), which provided:

> (A) *Service.* Every application filed with the clerk of the court shall be served by the party filing the application. Service of the application and notice shall be by delivery of a copy to the party to be

served by certified and first class mail addressed to each party who, according to the records of the holder of the debt is obligated to pay the debt. Service shall be complete upon the deposit of the application and notice, enclosed in a postage prepaid and properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. If the respondent is represented by an attorney and the applicant's attorney has knowledge of the name and address of the attorney, an additional copy of the application and notice shall be sent to respondent's attorney.

(B) *Certificate of Service*. The applicant or applicant's attorney shall certify to the court compliance with the service requirements of Rule 736. The applicant shall file a copy of the notice and the certificate of service with the clerk of the court. The certificate of service shall be prima facie evidence of the fact of service.

(C) *Form of Notice*. The notice shall be sufficient if it is in substantially the following form in at least ten point type (see Example 1).

TEX. R. CIV. P. 736(2) (Apr. 2000), Tab 1 in the Appendix hereto; *see also* Example 1: Form of Notice, Tab 2 in the Appendix hereto.[3]

The record shows that Nationstar complied with Rule 736(2) when it mailed a notice and copy of the Rule 736 Application to Appellant by certified and regular mail, and filed a copy of the notice with the clerk of the court. CR:97-99. The record also shows that the notice was in substantially the same form as the form

---

[3] Rule 736 was subsequently amended on January 1, 2012, and the amendment changed the rule for service in proceedings under that rule. However, amendments to the Texas Rules of Civil Procedure do not apply retroactively. *See Downs v. Trevathan*, 783 S.W.2d 689, 690 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding) (finding that rule amendment was not retroactive); *Cf.* TEX. GOV'T CODE § 311.022 (Texas statutes are presumed prospective unless expressly made retroactive). So the amendment to Rule 736 does not apply to this case.

provided for such notices by Rule 736(2)(C), including a certificate of service certifying compliance with the service requirements of Rule 736(2)(B). *Compare* CR:97-99 *with* Example 1: Form of Notice, Tab 2 in the Appendix hereto. That certificate of service is "prima facie evidence of the fact of service[,]" which Appellant has never rebutted. TEX. R. CIV. P. 736(2)(B) (Apr. 2000).

Thus, to the extent that service on Appellant in the Rule 736 proceeding is even relevant to this appeal, Appellant was properly served and the district court's judgment should be affirmed.

## C. APPELLANT'S CLAIMS ARE BARRED BY RES JUDICATA

The judgment is also proper because Appellant's claims are barred by res judicata arising from his prior lawsuits against Appellees.[4] The doctrine of res judicata bars the re-litigation of claims that have been finally adjudicated or that could have been litigated in a prior action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). The elements required for res judicata to apply are: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the

---

[4] It is also questionable whether a bill of review, which is what Appellant filed in this case, is even a permissible vehicle for attacking a Rule 736 order. Prior to January 1, 2012, Rule 736 provided that "[t]he granting or denial of the application *is not an appealable order*." TEX. R. CIV. P. 736(8)(A) (Apr. 2000) (emphasis added). Since the 2012 amendment, Rule 736 has more specifically provided: "An order granting or denying the application is not subject to a motion for rehearing, new trial, *bill of review*, or appeal." TEX. R. CIV. P. 736.8(c) (emphasis added).

15

same claims as were raised or could have been raised in the first action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

The first element of res judicata is satisfied by the final judgment entered by the United States District Court for the Western District of Texas. *See* CR:266. That court is a court of competent jurisdiction, having obtained jurisdiction over that proceeding when it was removed to that court by Fannie Mae. *See* CR:136-243. The judgment was a final judgment on the merits because it adjudicated the merits and dismissed all of Appellant's claims with prejudice. *See* CR:266.

The second element of res judicata is also satisfied because, although Fannie Mae was the only defendant in the case dismissed by the federal court, Nationstar and Kantor are both in privity with Fannie Mae. "People can be in privity in at least three ways: (1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996). To determine whether parties are in privity with one another, courts examine the parties' shared interests. *Id.* "Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation." *Id.*

Nationstar is in privity with Fannie Mae with respect to the prior lawsuit because its interests were represented by Fannie Mae. In fact, the primary thrust of

16

Appellant's arguments in that case were directed at Nationstar's alleged lack of standing to foreclose. CR:147-49 (asserting that the Rule 736 order is void because Nationstar lacked standing to maintain an action under Rule 736). Because Fannie Mae acquired the Property at Nationstar's foreclosure sale, *see* CR:82-86, Nationstar shared Fannie Mae's interest in defending against such claims and in upholding the validity of the Rule 736 order Nationstar had obtained and the foreclosure sale that had occurred. Kantor is also in privity with Fannie Mae with respect to the prior lawsuit because, having purchased the Property from Fannie Mae after Fannie Mae had evicted Appellant, *see* CR:88-89, he is Fannie Mae's successor in interest and likewise holds a shared interest with Fannie Mae and Nationstar in upholding the foreclosure sale.

The third element of res judicata—identity of claims—is likewise satisfied. According to Appellant, "[a]ll of the Appellant's cases dealt with trying to save his property, all of the Appellee's cases dealt with foreclosure and eviction[,]" and "[a]t the base of all the cases" is Appellant's contention that he was not properly served in the Rule 736 proceeding. Appellant's Brief at 3. Thus, it is clear that this case is based on the same claims as were raised or could have been raised in the action that was dismissed by the federal court.

Accordingly, this lawsuit is barred by res judicata and the judgment against Appellant should be affirmed.

17

# PRAYER

WHEREFORE, Appellees respectfully ask this court to affirm the district court's judgment.

Respectfully submitted,

/s/ Daron L. Janis
B. David L. Foster
  Texas Bar No. 24031555
  dfoster@lockelord.com
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 – Facsimile

Thomas G. Yoxall
  Texas Bar No. 00785304
  tyoxall@lockelord.com
Daron L. Janis
  Texas Bar No. 24060015
  djanis@lockelord.com
Matthew H. Davis
  Texas Bar No. 24069480
  mdavis@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 – Facsimile

COUNSEL FOR APPELLEES NATIONSTAR MORTGAGE LLC AND FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE)

and

18

*/s/ Leslie S. Johnson*
Leslie S. Johnson
  Texas Bar No. 24060565
  ljohnson@winstead.com
WINSTEAD PC
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400
(214) 745-5390 – Facsimile

COUNSEL FOR APPELLEE JONATHAN KANTOR

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies that this brief complies with the length limitations of Rule 9.4(i) and the typeface requirements of Rule 9.4(e).

1.      Exclusive of the contents excluded by Rule 9.4(i)(1), this brief (including textboxes, footnotes, and endnotes) contains 2,749 words as counted by the Word Count function of Microsoft Word 2010.

2.      This Brief has been prepared in proportionally spaced typeface using:

Software:   Microsoft Word 2010
Typeface:   Times New Roman
Font Size:   14 point (footnotes in 13 point)

*/s/ Daron L. Janis*
Daron L. Janis

## CERTIFICATE OF SERVICE

I certify that on September 29, 2016, I am serving this document by the method(s) stated below on the following individual(s):

**By Regular and Certified Mail #9214 7969 0099 9790 1610 6926 47**
**Return Receipt Requested**
Jerry Hofrock
13276 Research Blvd. Ste. 204
Austin, Texas 78750
PRO SE APPELLANT

**By Electronic Filing**
Leslie S. Johnson – ljohnson@winstead.com
COUNSEL FOR APPELLEE JONATHAN KANTOR

*/s/ Daron L. Janis*
Daron L. Janis

No. 03-16-00114-CV

---

## Third District Court of Appeals
Austin, Texas

---

JERRY HOFROCK,
*Appellant,*

v.

NATIONSTAR MORTGAGE LLC; FEDERAL NATIONAL
MORTGAGE ASSOCIATION (FANNIE MAE); AND
JONATHAN KANTOR,
*Appellees.*

---

From the 353rd Judicial District Court, Travis County, Texas
Trial Court No. D-1-GN-15-000128

---

## APPENDIX TO APPELLEES' BRIEF

---

Tab

TEX. R. CIV. P. 736 (Apr. 2000)..............................................................................1

TEX. R. CIV. P. 736 (Apr. 2000), Example 1: Form of Notice...................................2

# Tab 1

# Rule 736. Expedited Foreclosure Proceeding (Apr2000)

## TEXT

1. Application. A party filing an application under Rule 736 seeking a court order allowing the foreclosure of a lien under Tex. Const. art. XVI, § 50(a)(6)(D), for a home equity loan, or § 50(k)(11), for a reverse mortgage, shall initiate such in rem proceeding by filing a verified application in the district court in any county where all or any part of the real property encumbered by the lien sought to be foreclosed (the "property") is located. The application shall:

(A) be styled: "In re: Order for Foreclosure Concerning *(Name of person to receive notice of foreclosure)* and *(Property Mailing Address)* ";

(B) identify by name the party who, according to the records of the holder of the debt, is obligated to pay the debt secured by the property;

(C) identify the property by mailing address and legal description;

(D) identify the security instrument encumbering the property by reference to volume and page, clerk's file number or other identifying recording information found in the official real property records of the county where all or any part of the property is located or attach a legible copy of the security instrument;

(E) allege that:

(1) a debt exists;

(2) the debt is secured by a lien created under Tex. Const. art. XVI, § 50(a)(6), for a home equity loan, or § 50(a)(7), for a reverse mortgage;

(3) a default under the security instrument exists;

(4) the applicant has given the requisite notices to cure the default and accelerate the maturity of the debt under the security instrument, Tex. Prop. Code § 51.002, Tex. Const. art. XVI, § 50(k)(10), for a reverse mortgage, and applicable law;

(F) describe facts which establish the existence of a default under the security instrument; and

(G) state that the applicant seeks a court order required by Tex. Const. art. XVI, § 50(a)(6)(D), for a home equity loan, or § 50(k)(11), for a reverse mortgage, to sell the property under the security instrument and Tex. Prop. Code § 51.002.

A notice required by Tex. Const. art. XVI, § 50(k)(10), for a reverse mortgage, may be combined or incorporated in any other notice referenced in Rule 736(1)(E)(4). The verified application and any supporting affidavit shall be made on personal know ledge and shall set forth such facts as would be admissible in evidence, provided that facts may be stated based upon information and belief if the grounds of such belief are specifically stated.

2. Notice

(A) *Service.* Every application filed with the clerk of the court shall be served by the. party filing the application. Service of the application and notice shall be by delivery of a copy to the party to be served by certified and first class mail addressed to each party who, according to the records of the holder of the debt is obligated to pay the debt. Service shall be complete upon the deposit of the application and notice, enclosed in a postage prepaid and properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. If the respondent is represented by an attorney and the applicant's attorney has knowledge of the name and address of the attorney, an additional copy of the application and notice shall be sent to respondent's attorney.

(B) *Certificate of Service.* The applicant or applicant's attorney shall certify to the court compliance with the service requirements of Rule 736. The applicant shall file a copy of the notice and the certificate of service with the clerk of the court. The certificate of service shall be prima facie evidence of the fact of service.

(C) *Form of Notice.* The notice shall be sufficient if it is in substantially the following form in at least ten point type (see Example 1).

(CLICK HERE FOR PDF OF EXAMPLE 1)

(D) The applicant shall state in the notice the date the response is due in accordance with Rule 736(3).

(E) The application and notice may be accompanied by any other notice required by state or federal law.

3. Response Due Date. A response is due on or before 10:00 a.m. on the first Monday after the expiration of thirty-eight (38) days after the date of mailing of the application and notice to respondent, exclusive of the date of mailing, as set forth in the certificate of service.

4. Response.

(A) The respondent may file a response setting out as many matters, whether of law or fact, as respondent deems necessary or pertinent to contest the application. Such response and any supporting affidavit shall be made on personal know ledge and shall set forth such facts as would be admissible in evidence, provided that facts may be stated based upon information and belief if the grounds of such belief are specifically stated.

(B) The response shall state the respondent's mailing address.

(C) The response shall be filed with the clerk of the court. The respondent shall also send a copy of the response to the applicant or the applicant's attorney at the address set out in the notice.

5. Default. At any time after a response is due, the court shall grant the application without further notice or hearing if:

(A) the application complies with Rule 736(1);

(B) the respondent has not previously filed a response;

and

(C) a copy of the notice and the certificate of service shall have been on file with the clerk of the court for at least ten days exclusive of the date of filing.

6. Hearing When Response Filed. On the filing of a response, the application shall be promptly heard after reasonable notice to the applicant and the respondent. No discovery of any kind shall be permitted in a proceeding under Rule 736. Unless the parties agree to an extension of time, the issue shall be determined by the court not later than ten business days after a request for hearing by either party. At the hearing, the applicant shall have the burden to prove by affidavits on file or evidence presented the grounds for the granting of the order sought in the application.

7. Only Issue. The only issue to be determined under Rule 736 shall be the right of the applicant to obtain an order to proceed with foreclosure under the security instrument and Tex. Prop. Code § 51.002.

8. Order to Proceed with Notice of Sale and Sale.

(A) *Grant or denial.* The court shall grant the application if the court finds applicant has proved the elements of Rule 736(1)(E). Otherwise, the court shall deny the application. The granting or denial of the application is not an appealable order.

(B) *Form of order.* The order shall recite the mailing address and legal description of the property, direct that foreclosure proceed under the security instrument and Tex. Prop. Code § 51.002, provide that a copy of the order shall be sent to respondent with the notice of sale, provide that applicant may communicate with the respondent and all third parties reasonably necessary to conduct the foreclosure sale, and, if respondent is represented by counsel, direct that notice of the foreclosure sale date shall also be mailed to counsel by certified mail.

(C) *Filing of order.* The applicant is to file a certified copy of the order in the real property records of the county where the property is located within ten business days of the entry of the order. Failure to timely record the order shall not affect the validity of the foreclosure or defeat the presumption of Tex. Const. art. XVI, § 50(i).

9. Nonpreclusive Effect of Order. No order or determination of fact or law under Rule 736 shall be res judicata or constitute collateral estoppel or estoppel by judgment in any other proceeding or suit. The granting of an application under these rules shall be without prejudice to the right of the respondent to seek relief at law or in equity in any court of competent jurisdiction. The denial of an application under these rules shall be without prejudice to the right of the applicant to refile the application or seek other relief at law or in equity in any court of competent jurisdiction.

10. Abatement and Dismissal. A proceeding under Rule 736 is automatically abated if, before the signing of the order, notice is filed with the clerk of the court in which the application is pending that respondent has filed a petition contesting the right to foreclose in a district court in the county where the application is pending. A proceeding that has been abated shall be dismissed.

Amended by order of April 12, 2000, eff. April 15, 2000.

| Prior Amendments | Future Amendments |
|---|---|
| | rewritten see 736.1-736.13, eff. Jan. 1, 2012 |
| Jan. 27, 1998, eff. May 15, 1998 | |
| Feb. 10, 2000, eff. April 15, 2000 | |

Tab 2

## EXAMPLE 1: Form of Notice.

Cause No. _____

In re: Order for Foreclosure
Concerning

_____*(1)_____

and

_____*(2)_____

In the District Court

Of _____ County

_____ Judicial District

NOTICE TO _____*(3)_____

_____

_____

An application has been filed by _____, as Applicant, on _____*(4)_____, in a proceeding described as:

"In re: Order for Foreclosure Concerning _____*(1)_____ and _____*(2)_____"

The attached application alleges that you, the Respondent, are in default under a security instrument creating a lien on your homestead under TEX. CONST. art. XVI, § 50(a)(6), for a home equity loan, or § 50 (a)(7), for a reverse mortgage. This application is now pending in this court.

Applicant seeks a court order, as required by TEX. CONST. art. XVI, § 50(a)(6)(D) or § 50(k)(11), to allow it to sell at public auction the property described in the attached application under the security instrument and TEX. PROP. CODE § 51.002.

You may employ an attorney. If you or your attorney do not file a written response with the clerk of the court at _____*(5)_____ on or before 10:00 a.m. on _____*(6)_____ an order authorizing a foreclosure sale may be signed. If the court grants the application, the foreclosure sale will be conducted under the security instrument and TEX. PROP. CODE § 51.002.

You may file a response setting out as many matters, whether of law or fact, as you consider may be necessary and pertinent to contest the application. If a response is filed, the court will hold a hearing at the request of the applicant or respondent.

In your response to this application, you must provide your mailing address. In addition, you must send a copy of your response to _____*(7)_____

ISSUED

By

_____

*(Applicant or Applicant's Attorney)*

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this notice with a copy of the application was sent certified and regular mail to _____*(3)_____ on the _____ day of _____

_____
*(signature)*

*(Applicant or Applicant's Attorney)*

| | |
|---|---|
| *(1) name of respondent | *(4) date application filed |
| *(2) mailing address of property | *(5) address of clerk of court |
| *(3) name and address of respondent | *(6) response due date |
| *(7) name and address of applicant or applicant's attorney | |